**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Rozell Romont Woodson, | ) | CASE NO. 5:09CV2803 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Keith Smith, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Rozell Woodson, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge Nancy A. Vecchiarelli. The Court ADOPTS the Report (Doc. 10) in its entirety. The Petition is DENIED.

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the Report and Recommendation as it relates to Woodson's objections.  The objections lack merit.

1

**I.    Analysis**

Woodson first argues that the Report erred when it found that he had not been denied effective assistance of counsel. Specifically, Woodson challenges the Report's review of the sufficiency of the evidence in support of his convictions. The entirety of Woodson's substantive argument on this point is as follows:

> The question at trial was possession. The state was correct that the police found crack in Mr. Woodson's car and that a recorded conversation demonstrated he knew about the drugs. The state submitted that possession was proved because, in the state's view, the evidence showed constructive possession of the crack and gun. The report adopts the state's view. Mr. Woodson respectfully submits that, even viewed in a light most favorable to the state, the evidence was insufficient, and his counsel was ineffective. Although it was not the only evidence presented at trial, the state courts overwhelmingly, and incorrectly, relied upon the recorded conversation to find the evidence was insufficient. But the conversation demonstrated Mr. Woodson knew about the drugs and gun being found—not that he had exerted control over them.

Doc. 11 at 2. Woodson's objections ignore both the Report's analysis and the state court record of his trial.

It is undisputed that Woodson was the driver of a vehicle pulled over for exceeding the speed limit by 33 miles per hour. A subsequent search of the vehicle revealed a firearm under Woodson's seat in the vehicle and a substantial amount of crack cocaine packaged for sale in the center console of the vehicle. In addition, a videotape from the police cruiser contained audio in which Woodson admitted knowledge of both the gun and the drugs. Finally, during his arrest, Woodson had over $2,000 on his person. In his objections, Woodson attempts to demonstrate that this mere knowledge is insufficient to demonstrate possession. In so doing, Woodson ignores all of the other evidence detailed above.

Under Ohio law,

> [c]onstructive possession exists when an individual is able to exercise dominion or control of an item, even if the individual does not have the item within his

2

>immediate physical possession. For constructive possession to exist, it must also be shown that the person was conscious of the presence of the object. Although a defendant's mere proximity is in itself insufficient to establish constructive possession, proximity to the object may constitute some evidence of constructive possession. Thus, presence in the vicinity of contraband, coupled with another factor or factors probative of dominion or control over the contraband, may establish constructive possession.

*State v. Kingsland*, 177 Ohio App.3d 655, 660 (2008) (citations, alterations, and quotations omitted). Furthermore, "when one is the driver of a car in which drugs are within easy access of the driver, constructive possession may be established." *State v. Fry*, 2004 WL 2428439 (Ohio Ct. App. Oct. 26, 2004).

The facts of Woodson's case overwhelmingly demonstrate constructive possession of both the drugs and the firearm. Woodson was driving the vehicle and both the drugs and the firearm were within his immediate reach. Woodson admitted knowledge of both the drugs and the guns. Finally, Woodson had a significant amount of cash on his person. Combined with the other facts, that amount of cash is indicative of illegal behavior. Accordingly, Woodson's cursory objection to the Report's review of the sufficiency of the evidence is overruled.

Finally, Woodson objects to the Report's conclusion that his Fourth Amendment claim is not cognizable. Woodson admits that *Stone v. Powell*, 428 U.S. 465, 494 (1976) generally precludes a Fourth Amendment claim from being considered in habeas. Woodson, however, argues that his ability to present his claim was frustrated because the trial court applied the wrong law to his motion to suppress. Woodson's claim is nothing more than a direct challenge to the trial court's decision on his motion to suppress. He was given a full and fair hearing on his motion. Were the Court to allow Woodson's claim as an exception to *Stone*, the exception would swallow the rule – by simply alleging error in the state court, the Fourth Amendment claim would become cognizable. Instead, Woodson's arguments fall squarely within the rule set

forth by *Stone*.  The Report properly analyzed this issue and found that such a claim was not cognizable.  Woodson's objection is overruled.

## II.	Conclusion

The Court hereby ADOPTS the Report and Recommendation in its entirety.  Woodson's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  There is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 11, 2011	*/s/ John R. Adams*
	JUDGE JOHN R. ADAMS
	UNITED STATES DISTRICT COURT